## SUPREME COURT—IN BANCO.

### JULY TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

---

IN RE ESTATE OF T. NAMAUU (W.), OF LAHAINA, DECEASED.

THE adoptive father does not inherit the property of his adopted child.

ALLEN, C. J. This is a case of appeal from the local Circuit Judge of the Second Judicial Circuit to the Circuit Court, and by agreement submitted by the counsel of the

parties in interest to the Supreme Court on the record of the case.

It appears that Teresa Namauu, the adopted daughter of Kaikaika, died intestate, leaving Kawela, her cousin, and Kaikaika her adopted father, as claimants of her property.

There were stipulations for custody, maintenance and education, and the right of heirship in the agreement of adoption, and it is contended that as the child would inherit from the adopted father, it follows as a sequence that her father must inherit from the child. It cannot be denied that the contract of adoption is especially for the benefit of the child; the natural father desires the child to have advantages more than he can give, and the adoptive father in giving the right of heirship desires to make the child his own, and have the pleasure that the relation may give.

By the terms of the agreement the right of heirship is not mutual, but is limited to the child, and does not, by implication even, extend to the adoptive father; and were it otherwise it would be unavailing, for that natural father has no right to transfer the property of his child, and neither can he stipulate who shall be the heir of his child.

While a person may adopt a child with the right of heirship, it has never been maintained that the father could transfer the property of the child, or his right of inheritance, to the adoptive father.

By construction it is giving a force to the agreement which it has not in terms, and the principle contended for would give a power over a child's property which a father does not possess.

A father can convey no title in the property of his child by any contract of his; there is no provision of the Code, or in the terms of agreement, or in the usages and customs of the nation, which sanction this principle.

There is a palpable distinction between the right of an adoptive father to make a child the heir of his own property,

and that of a natural father in transferring property which belongs to the child, or the right to inherit that property.

It is unnecessary to discuss the question of the invalidity of the agreement, on account of its not being recorded, as our opinion is that the adoptive father cannot inherit the property of the adopted child.

The judgment of the local Circuit Judge is reversed, and the case is remanded to the Circuit Court to make the distribution of the estate upon the principle herein declared.

W. C. Jones for appellant.

A. F. Judd for appellee.